UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WILLIAM A. HENDERSON

                Petitioner,

v.                                            9:16-CV-1181
                                                (BKS/DEP)

THOMAS GRIFFIN

                Respondent.

---

APPEARANCES:                         OF COUNSEL:

WILLIAM A. HENDERSON
06-A-2008
Petitioner Pro Se
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

## I.    INTRODUCTION

Petitioner William A. Henderson filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[1] Petitioner is currently confined at the Green Haven Correctional Facility. According to petitioner, he is currently serving a sentence of 30 years to life upon a conviction in Warren County Court of Murder in the Second Degree (Felony Murder), Manslaughter in the First Degree, Burglary in the First Degree, Assault in the Second Degree, and two counts of Burglary in the Second Degree. Pet. at 1.

---

[1]   The cited page numbers for the Petition refer to those generated by the Court's electronic filing system.

## II. FILING FEE / IFP APPLICATION

Habeas petitions filed in the district courts must be accompanied by either the statutory filing fee ($5.00) or an application to proceeding in forma pauperis without prepayment of the filing fee ("IFP Application"). *See* Rule 3, Rules Governing Section 2254 Cases in the United States District Courts. An IFP Application must include a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities the petitioner has in any account in his or her name at the facility. *See* Rule 3(a)(2), Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner submitted an IFP application along with his habeas petition. Dkt. No. 2, Motion for Leave to Proceed in forma pauperis ("IFP Application"). Upon review, however, the Court finds that the IFP Application submitted by petitioner was not certified by a warden or other authorized officer as required by the rules governing Section 2254 cases. As a result, petitioner's IFP Application is denied as incomplete.

If petitioner wants to pursue this action, he is directed to do either of the following two things within thirty (30) days of the date of this Decision and Order: (1) pay the court's filing fee of five dollars ($5.00); or (2) submit a complete IFP Application that has been certified and signed by an appropriate prison official. If petitioner fails to submit either the required filing fee of five ($5.00) dollars or a complete IFP Application, this action will be dismissed with no further orders from the court.

## III. THE PETITION

In his petition, petitioner challenges a 2011 judgment of conviction in Warren County Court of murder in the second degree, manslaughter in the first degree, burglary in the first

2

degree, assault in the second degree and burglary in the second degree (two counts). Pet. at 1. Petitioner states that the Appellate Division, Third Department, affirmed his conviction, and that the New York State Court of Appeals affirmed on June 30, 2015. Pet. at 2. *See People v. Henderson*, 110 A.D. 3d 1353 (2013); *People v. Henderson*, 25 N.Y.3d 534 (2015).

Petitioner raises the following grounds for habeas relief: (1) the evidence was legally insufficient to convict him of felony murder; (2) the trial court erred in "refusing to charge the lesser-included offense of manslaughter in the second degree;" and (3) the trial court erred in refusing to provide a "missing witness charge." Pet. at 5-10. For a complete statement of petitioner's claims, reference is made to the petition.

Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a habeas petition be "signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Petitioner has not signed the petition in accordance with Rule 2(c)(5), and, in fact, has not included a signature page with the petition. Dkt. No. 1.

The Clerk is directed to send petitioner a copy of his petition, along with a blank signature page. Petitioner must sign and date the signature page of his petition, and return it to the court by no later than thirty (30) days from the date of this Decision and Order. Failure to comply with this order will result in the dismissal of the petition.

If petitioner complies with this Decision and Order, as set forth above, respondent will be required to answer the petition.

**IV.    CONCLUSION**

**WHEREFORE,** it is hereby

3

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner; and it is

**ORDERED** that petitioner must either (1) pay the required filing fee of five dollars ($5.00) or (2) submit a complete IFP Application that has been certified and signed by an appropriate prison official within thirty (30) days of the date of this Decision and Order. The Clerk is directed to provide petitioner with a blank IFP Application. If petitioner fails to submit either the required filing fee or a complete, certified IFP Application, this action will be dismissed with no further orders from the court; and it is

**ORDERED** that the Clerk send petitioner a copy of the petition, Dkt. No. 1, along with a blank signature page. Petitioner must sign and date the signature page of his petition, and return it to the court by no later than thirty (30) days from the filing date of this Decision and Order. If petitioner fails to comply, this petition will be dismissed with no further orders from the Court.

**IT IS SO ORDERED.**

Dated: October 12, 2016

Brenda K. Sannes
U.S. District Judge